# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

v.

**ANGEL L. MORALES-GONZALEZ,**

**Defendant.**

**Crim. No. 16-007 (ADC)**

## OPINION & ORDER

Defendant Angel L. Morales-González ("defendant") is charged with possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c), and two counts of possession with intent to distribute controlled substances pursuant to 21 U.S.C. § 841(a)(1). **ECF No. 7**. The United States of America ("government") filed a motion in limine, seeking to prohibit defendant from (1) defining "reasonable doubt" during closing arguments on the grounds that such statements are misleading to the jury, and (2) eliciting testimony of defendant's "own self-serving out-of-court statements," because those statements constitute inadmissible hearsay. **ECF No. 74**. For the following reasons, the Court **GRANTS** the government's motion at **ECF No. 74**.

The government's concerns at this point are speculative. The Court nonetheless recognizes the well-established principle that the "reasonable doubt" standard "does not require definition," *United States v. Herman*, 848 F.3d 55, 57 (1st Cir. 2017) (citation and internal

quotation marks omitted), and that attempts to define reasonable doubt "often result in further obfuscation of the concept," *United States v. Van Anh*, 523 F.3d 43, 58 (1st Cir. 2008) (citation and internal quotation marks omitted). Moreover, it is the Court's prerogative, not the parties', to explain the law for the jury. *See United States v. Ademaj*, 170 F.3d 58, 66 (1st Cir. 1999) (rejecting a defendant's attempt to define "reasonable doubt" during closing arguments); *United States v. Olmstead*, 832 F.2d 642, 646 (1st Cir. 1987) (recognizing "the central role of the trial court in instructing the jury" of the applicable law, including the reasonable doubt standard).

Similarly, the government's concern that defendant will seek to elicit his own "self-serving out-of-court statements" during cross or direct examination of trial witnesses is also speculative. Nonetheless, the Court recognizes "the requirement of [Federal Rule of Evidence] 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them." *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985); *accord United States v. Rivera-Hernández*, 497 F.3d 71, 82 n.5 (1st Cir. 2007).

Accordingly, to the extent the government's motion in limine seeks assurances that the Court will appropriately enforce the Federal Rules of Evidence and will allow only proper instructions be given to the jury, the motion at **ECF No. 74** is **GRANTED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 3rd day of April, 2018.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**